UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JOSEPH T. OLTMANN,** | ) | Case No. 07-19488 HRT |
| | ) | Chapter 7 |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **C-BALL VENTURES, LLC,** | ) | Adversary No. 07-1607 HRT |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOSEPH T. OLTMANN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This case comes before the Court on Plaintiff's *Motion for Summary Judgment* (docket #13) (the "Motion"); on the Defendant's response (docket #19); and the Defendant's supplemental response (docket #26).

### I. BACKGROUND

The facts of this matter have been tried in the County Court, Adams County, Colorado, (the "County Court"), where the Plaintiff brought suit against the Defendant and his business entity, Auto Millennium, LLC. Following a trial to the court on the merits, that court entered judgment in favor of the Plaintiff and against Defendant and Auto Millennium in the total amount of $45,755.22.

The Plaintiff operates the Dealer's Auto Auction of the Rockies. In its very simplest form, the controversy in the County Court involved whether or not the Defendant paid for an automobile that he received from the Plaintiff. The County Court determined that he did not. The amount in controversy was $5,275.00. The County Court found that the Defendant had committed civil theft and trebled the actual damages.[1] The court then allowed attorney fees and costs to arrive at the final judgment amount.

---

[1] Actual damages were capped at $15,000.00 because of the jurisdictional limitation of the County Court.

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 07-1607 HRT

The County Court rendered judgment on March 2, 2007. Appeals followed and the Defendant filed his bankruptcy case on August 27, 2007. This Complaint was timely filed but proceedings were held in abeyance while a related case proceeded. That case, *Manheim Automotive Financial Services, Inc. v. Joseph T. Oltmann*, Case No. 07-1753 HRT, sought denial of the Defendant's bankruptcy discharge under 11 U.S.C. § 727. As that relief would have rendered this proceeding moot, the Court allowed the *Manheim* case to proceed. The parties' settlement in that case did not include judgment under § 727, therefore, upon the settlement of the *Manheim* case, the Court reactivated this one.

The following facts were established in the County Court proceedings after a trial on the merits of the Plaintiff's complaint in that court:

1. The Defendant attended an automobile auction at the Plaintiff's auction facility and was the winning bidder for a Toyota Corolla. Defendant's winning bid was $5,275.00.

2. Approximately two weeks later, the Plaintiff informed the Defendant that the title to the Toyota Corolla was ready to be delivered along with three other titles.

3. Defendant took three checks to the Plaintiff's auction facility. He walked away with four titles.

4. The County Court did not accept Defendant's claim that he paid for the Toyota with cash, in part, because he produced no cash receipt.

5. It is inconsistent with Plaintiff's procedures to accept cash for a car; but it is also inconsistent with its procedure to hand over a title without payment.

6. The County Court judge concluded that Defendant obtained the title either by accident or surreptitiously. In either case, the County Court determined that Defendant did not pay for the Corolla.

7. The County Court further concluded that retention of the title for three years without tendering payment was evidence that rose to the level of theft. The County Court applied Colorado's civil theft statute, COLO. REV. STAT. § 18-4-405, and trebled the damages. However, because of the jurisdictional limits of the County Court, the trebled damages were capped at $15,000.

8. The County Court added attorney fees and costs of $33,225.00 for a total judgment of $48,225.00.

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 07-1607 HRT

## II. DISCUSSION

The narrow question presented by the Plaintiff's Motion in this matter is whether, under principles of collateral estoppel, this Court is bound by the decision rendered against the Defendant in the County Court and whether the factual and legal conclusions of that court satisfy the requirements to find a debt nondischargeable on account of willful and malicious injury under § 523(a)(6) of the Bankruptcy Code

This Court is bound by the County Court decision and it does render the Defendant's debt to the Plaintiff nondischargeable under 11 U.S.C. § 523(a)(6)..

A. Collateral Estoppel

Under the doctrine of collateral estoppel – also referred to as issue preclusion – summary judgment should be granted based on a prior adjudication of the same issue if the relevant collateral estoppel elements are satisfied. Here the Plaintiff relies on the judgment rendered in *C-Ball Ventures, LLC, d/b/a Dealers Auto Auction of the Rockies v. Auto Millennium, LLC, and Joseph T. Oltmann*, Case No. 04C2750, County Court, Adams County, Colorado (the "County Court Judgment").

> In determining the preclusive effect of a state court judgment, the full faith and credit statute, 28 U.S.C. § 1738, directs a federal court to refer to the preclusion law of the State in which judgment was rendered. Issue preclusion is a judicially created, equitable doctrine that bars the relitigation of an issue that has been previously decided in another proceeding. It is designed to relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions.

*In re Hauck*, 489 B.R. 208, 213 (D. Colo. 2013) (citations and quotation marks omitted). Because the Plaintiff relies on a judgment rendered by a Colorado court, Colorado's law of collateral estoppel is applicable. In Colorado, re-litigation of an issue is precluded where:

1. The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;
2. The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding;
3. There was a final judgment on the merits in the prior proceeding;
4. The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999).

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 07-1607 HRT

Both the Plaintiff and the Defendant were parties in the prior County Court litigation; that court entered a final judgment on the merits and the appeals have been resolved in the Plaintiff's favor. The full and fair opportunity to litigate element is surely satisfied because the County Court Judgment was rendered following a full trial to the court with all of the attendant procedural protections. The Court finds elements 2 through 4 above to be easily satisfied. The only element to require any discussion is the first: whether the issue to be precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding.

Plaintiff seeks to preclude litigation of whether or not the Defendant's debt, resulting from the County Court Judgment, is nondischargeable under 11 U.S.C. § 523(a)(6). That requires the Court to examine whether factual issues that were either explicitly or implicitly found by the County Court, and were necessary to its judgment, are identical to the factual issues necessary to establish willful and malicious injury under § 523(a)(6).

B. 11 U.S.C. § 523(a)(6)

Section 523(a)(6) provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

In the case of *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Supreme Court discussed the willfulness prong of the test for nondischargeability under § 523(a)(6). *Geiger* stands for the principal that to establish the willfulness element under § 523(a)(6) "takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id*. at 61. The actor must "intend 'the *consequences* of an act,' not simply 'the act itself.'" *Id*. at 61-62 (quoting RESTATEMENT (SECOND) OF TORTS § 8A, Comment a, p. 15 (1964)).

The malice prong of 11 U.S.C. § 523(a)(6) is satisfied upon a showing the injury was inflicted "without just cause or excuse." *Tinker v. Colwell*, 193 U.S. 473, 485-86 (1904). *See also Kuhn v. Driver (In re Driver)*, 305 B.R. 266, 268 (Bankr. N.D. Tex. 2003); *Johnson v. Wood (In re Wood)*, 303 B.R. 370, 373 (Bankr. C.D. Ill. 2003); *Beckett v. Bundick (In re Bundick)*, 303 B.R. 90, 109 (Bankr. E.D. Va. 2003); *Neshewat v. Salem (In re Salem)*, 290 B.R. 479, 485 (S.D. N.Y. 2003); *McAlister v. Slosberg*, 225 B.R. 9, 21 (Bankr. D. Me. 1998).

*1) Willfulness under § 523(a)(6)*

The County Court found that the Defendant is liable to the Plaintiff for civil theft under Colorado's civil theft statute. COLO. REV. STAT. § 18-4-405. The predicate to a finding of liability for civil theft is a finding that a defendant has committed theft under Colorado's criminal theft statute. *Itin v. Unger*, 17 P.3d 129, 134 (Colo 2000) ("Only upon proof of the criminal act of theft may the owner recover treble damages, fees, and costs.").

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 07-1607 HRT

      Theft, under Colorado law is defined as follows:

A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception; or receives, loans money by pawn or pledge on, or disposes of anything of value or belonging to another that he or she knows or believes to have been stolen, and:
- (a)     Intends to deprive the other person permanently of the use or benefit of the thing of value;
- (b)     Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit;
- (c)     Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit;
- (d)     Demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person; or
- (e)     Knowingly retains the thing of value more than seventy-two hours after the agreed-upon time of return in any lease or hire agreement.

COLO. REV. STAT. § 18-4-401.

      Two elements are required to constitute theft under Colorado law. The first element goes to *conduct* – exercising control over property of another without authorization. The second element goes to the *result* of the conduct – permanently depriving the owner of the use or benefit of the property. The statute prescribes a state of mind for each of the elements. The actor must *knowingly* exercise control over the property to satisfy the first element. To satisfy the second element, at minimum, the actor must *knowingly* act in such a way as to deprive the owner of the use of benefit of the property.[2]

      Under the Colorado Criminal Code, the culpable state of mind referred to as *knowingly* is defined as follows:

"Knowingly" or "willfully". All offenses defined in this code in which the mental culpability requirement is expressed as "knowingly" or "willfully" are declared to

---

[2] Section 18-4-401(1)(a) thru (e) describe multiple ways in which the second element of the crime may be satisfied. Subsections (a) and (c) require *intentional* conduct; subsections (b) and (e) require *knowing* conduct. Subsection (d) appears not to require proof of a state of mind to satisfy the second element of the crime under those particular circumstances. However, the County Court's discussion raises no issue with respect to the behavior described in subsection (d).

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 07-1607 HRT

> be general intent crimes. A person acts "knowingly" or "willfully" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts "knowingly" or "willfully", with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

COLO. REV. STAT. § 18-1-501(6).

Thus, the County Court's finding of liability for theft necessarily includes the finding that the Defendant was aware that he was in possession of an automobile that was the property of the Plaintiff and, at minimum, he was aware that his conduct was "practically certain" to deprive the Plaintiff of the use and benefit of its property.

The Defendant's knowing conduct, necessarily found as part of the County Court's judgment on the theft allegation, is precisely the conduct required to prove the willfulness prong of § 523(a)(6). In the *Geiger* case, the Supreme Court equated the standard of intent necessary to prove willfulness under § 523(a)(6) with the standard of intent that is required to establish liability for an intentional tort. *Geiger,* 523 U.S. at 977. That requires "that the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." RESTATEMENT (SECOND) OF TORTS § 8A (1965). As a consequence, the Court finds that the County Court's conclusion that the Defendant is liable for theft necessarily includes, at minimum, that he knew his conduct was substantially certain to injure the Plaintiff. That conclusively establishes that his he wilfully inflicted injury on the Plaintiff under § 523(a)(6) and the Defendant is precluded from relitigating that issue.

*2) Malice under § 523(a)(6)*

Proof of intentional theft in the County Court also establishes the malice prong under § 523(a)(6). A finding of malice under § 523(a)(6) does not require that the Plaintiff establish the Defendant was motivated by spite, hatred or ill-will. *See, e.g., Old Republic National Title Insurance Co. v. Levasseur (In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013); *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012); *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2nd Cir. 2006). Malice is established, for purposes of § 523(a)(6), where there is no just cause or excuse for the defendant's conduct. *Tinker v. Colwell*, 193 U.S. 473, 485-86 (1904). The presence of malice may be presumed from the nature of the act. *Id*. at 486.

In the case of *Navistar Financial Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84 (2nd Cir. 1996), the Second Circuit explained that "[i]mplied malice may be demonstrated 'by the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *Id*. at 88 (citation omitted). In the case of *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003 (4th Cir. 1985), the Fourth Circuit said "there is no need to show specific malice under § 523(a)(6) of the Code on the part of the debtor. Something implied is no less true than something expressed.

Page 6 of 8

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 07-1607 HRT

Only the method of proof of the truth is different. Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances, is sufficient under 11 U.S.C. § 523(a)(6)." *Id*. at 1010.

The malice prong of § 523(a)(6) is satisfied by implication from the County Court's finding of liability for civil theft under COLO. REV. STAT. § 18-4-405. The County Court found that the elements of criminal theft under COLO. REV. STAT. § 18-4-401 were satisfied in order to treble the damages under § 18-4-405. The fact that the County Court found conduct that satisfied the elements of criminal theft and justified the awarding of punitive treble damages under the civil theft statute gives rise to the presumption of malice with respect to the Defendant's conduct.

Moreover, the County Court found that, for three years following his acquisition of the Corolla, the Defendant refused to pay for the vehicle. That factual finding by the County Court is strong evidence of the Defendant's intention to permanently deprive the Plaintiff of the vehicle or its proceeds. The transcript of the County Court judge's decision reveals nothing more than the Defendant's dogged denial, through years of litigation, that he had taken the title without payment. The Defendant's claim of just cause and excuse in the County Court for his retention of the Corolla – that he had, in fact, paid for the vehicle – was firmly and emphatically rejected by that court. The Court finds that the Defendant's claim of just cause and excuse was actually litigated and necessarily rejected in the County Court's judgment.

The surrounding facts and circumstances of this case and the egregiousness of the Defendant's conduct, as found after a trial on the merits in the County Court, give rise to the implication of malice. In addition, the transcript of proceedings from the County Court show that the judge specifically considered and rejected the Defendant's claim of just cause and excuse for his actions. The malicious injury prong of § 523(a)(6) is easily satisfied.

### III. CONCLUSION

The Court has examined the County Court Judgment and the transcript of the County Court's findings of fact and legal conclusions. The Defendant has had his day – indeed years – in court. The County Court's judgment against the Defendant for civil theft necessarily establishes the Defendant's willful and malicious injury to the property interest of the Plaintiff for the purposes of dischargeability under 11 U.S.C. § 523(a)(6).

The County Court established the Defendant's liability for willful and malicious injury to the Plaintiff. Its judgment was rendered after affording the Defendant all of the procedural safeguards required by Colorado's doctrine of collateral estoppel. Accordingly, this Court must grant the County Court Judgment the full faith and credit to which it is entitled. 28 U.S.C. § 1738. Therefore, it is

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 07-1607 HRT

**ORDERED** that Plaintiff's *Motion for Summary Judgment* (docket #13) is GRANTED. It is further

**ORDERED** that the judgment rendered in favor of the Plaintiff and against the Defendant in the case of *C-Ball Ventures, LLC, d/b/a Dealers Auto Auction of the Rockies v. Auto Millennium, LLC, and Joseph T. Oltmann*, Case No. 04C2750, County Court, Adams County, Colorado, is a nondischargeable debt under 11 U.S.C. § 523 as to the Defendant in this matter.

Dated this \_\_6th\_\_ day of February, 2014.

**BY THE COURT:**

*/s/ Howard Tallman*

Howard R. Tallman, Chief Judge
United States Bankruptcy Court